**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **RIDGECREST REALTY L L C** | **CASE NO.  3:20-CV-01351** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **GRAPHIC PACKAGING INTERNATIONAL L L C** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

<u>**MEMORANDUM RULING**</u>

Pending before the Court is a Motion for Partial Summary Judgment on the Issue of Damages [Doc. No. 108] filed by Third-Party Defendant Monroe Warehouse Company, LLC ("MWC"). Defendant Graphic Packaging International, LLC ("GPI") filed a pleading [Doc. No. 112] which adopted MWC's Motion.  Plaintiff Ridgecrest Realty, LLC ("Ridgecrest") filed an Opposition [Doc. No. 114] and MWC filed a Reply [Doc. No. 119].

For the reasons set forth herein, MWC's Motion for Partial Summary Judgment is **GRANTED**.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

In 2011, GPI and Ridgecrest, owner of the Chauvin Warehouse in West Monroe, entered into a short-term lease for the use of the Chauvin Warehouse.[1]  GPI began occupying the Chauvin Warehouse in early 2012.[2] On August 1, 2013, Ridgecrest and GPI entered into a "Warehouse Lease Agreement" for the lease of the Chauvin Warehouse, which replaced the short-term lease.[3] The initial term of the lease was for six years, ending on July 31, 2016.[4] The lease had a renewal

---

[1] [Doc. No. 73-1]
[2] [Id.]
[3] [Id.]
[4] [Id.]

option of three years, which was evidently executed by GPI, resulting in the last day of the lease being July 31, 2019.[5] GPI vacated the Chauvin Warehouse during March 2019.[6]

During the time of the above-described lease, GPI entered into an agreement with MWC to provide services to GPI at the Chauvin Warehouse.[7] MWC would unload product from delivery trucks at the warehouse, store the product in the Chauvin Warehouse, keep an inventory of the product stored, and handle the paperwork for each shipment of product delivered to and sent from the Chauvin Warehouse.[8]

On September 11, 2020, Ridgecrest, owner of Chauvin Warehouse, filed a Petition for Damages[9] against GPI for damages to the Chauvin Warehouse facility allegedly totaling $626,038.00. The Petition for Damages was originally filed in the 4th Judicial District Court, Parish of Ouachita, Louisiana. The matter was properly removed to this Court on October 19, 2020, on the basis of diversity jurisdiction.[10]

On November 9, 2020, GPI filed a Third-Party Complaint against MWC alleging that in the event GPI is liable to Ridgecrest, MWC is liable to GPI for indemnification.[11]

The issue in the pending Motion is whether the terms of the Warehouse Lease Agreement[12] excludes any claim for lost profits.

---

[5] [Id.]
[6] [Doc. No. 76-1]
[7] [Id.]
[8] [Id.]
[9] [Doc. No. 1-1]
[10] [Doc. No. 1]
[11] [Doc. No. 9]
[12] [Doc. No. 108-3]

## II.    LAW AND ANALYSIS

### Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*quoting Anderson*, 477 U.S. at 247).  "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).  Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate.  *Id.*  "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).  While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both

3

parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (*quoting Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322–23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

### B.    Analysis

In its Motion for Partial Summary Judgment,[13] MWC argues the terms of the Warehouse Lease Agreement[14] exclude Ridgecrest's claim for lost profits. In support of its argument, MWC cites the following language:

> **21 Indemnities**
>
> (c) In no event shall either Party be liable for any claim for any indirect, consequential, special, or punitive damages arising under or in connection with this Lease. Both Lessor and Lessee hereby expressly waive any and all claims for such damages.[15]

---

[13] [Doc. No. 108]
[14] [Doc. No. 108-3]
[15] [Id.]

In opposition, Ridgecrest argues that the heading of Section 21 is entitled "Indemnities," which spells out the rights and obligations with regard to the indemnity provision between GPI and Graphic. Further, Ridgecrest argues that the applicable language does not limit Ridgecrest's recovery against GPI in regard to a breach of contract claim. GPI argues the language is ambiguous and there is a question of fact with regard the intent of the parties.

In Louisiana, contracts have the effect of law between the parties. La. Civ. Code art. 1893. Interpretation of a contract is the determination of the common intent of the parties. When the words of a contract are clear and explicit, and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. Civ. Code art. 2045-2046.

It is well established that lost profits are special or consequential damages under Louisiana law. *See Nick Farone Music Ministry v. City of Bastrop*, 179 So.3d 629, 631 (La. App. 2 Cir. 2015); *Breton Sound Oyster Co., LLC v. Stiel Ins. Co. of New Orleans, Inc.*, 299 So. 3d 80, 89 (La. App. 4th Cir. 2018). *Writ denied*, 267 So.3d 616 (La. 2019).

This Court finds the terms of the contract are clear and explicit. The waiver includes "any claim for any indirect, consequential, special, or punitive damages arising under or in connection with this Lease." This language cannot be interpreted to only include indemnity claims. The waiver covers all claims, including breach of contract claims.

Therefore, the specific wording of the Warehouse Lease Agreement excludes any claims for lost profits by Ridgecrest against GPI.

## III.   CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that MWC's Motion for Partial Summary Judgment on the Issue of Damages [Doc. No. 108] is **GRANTED**.

MONROE, LOUISIANA, this 17th day of May 2023.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**