UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

RIDGECREST REALTY L L C                    CASE NO.  3:20-CV-01351

VERSUS                                     JUDGE TERRY A. DOUGHTY

GRAPHIC PACKAGING INTERNATIONAL    MAG. JUDGE KAYLA D. MCCLUSKY
L L C ET AL

MEMORANDUM ORDER

Pending before the Court is a Motion for Summary Judgment, or Alternatively, Motion

for Judgment on the Pleadings [Doc. No. 131] filed by Third-Party Defendant Monroe

Warehouse Company, LLC ("Monroe Warehouse").  Defendant and Third-Party Plaintiff

Graphic Packaging International, LLC ("GPI") filed an Opposition [Doc. No. 133].  Monroe

Warehouse filed a Reply [Doc. No. 134].

For the reasons set forth herein, Monroe Warehouse's Motion for Summary Judgment, or

Alternatively, Motion for Judgment on the Pleadings [Doc. No. 131] is **DENIED**.

I.      BACKGROUND AND PROCEDURAL HISTORY

In 2011, GPI and Plaintiff Ridgecrest Realty, LLC ("Ridgecrest"), owner of the Chauvin

Warehouse in West Monroe, entered into a short-term lease for the use of the Chauvin

Warehouse.[1]  GPI began occupying the Chauvin Warehouse in early 2012.[2]   On August 1, 2013,

Ridgecrest and GPI entered into a "Warehouse Lease Agreement" for the lease of the Chauvin

Warehouse, which replaced the short-term lease.[3]  The initial term of the lease was for six years,

ending on July 31, 2016.[4]  The lease had a renewal option of three years, which was evidently

---

[1] [Doc. No. 73-1]
[2] [Id.]
[3] [Id.]
[4] [Id.]

executed by GPI resulting in the last day of the lease being July 31, 2019.  GPI vacated the Chauvin Warehouse during March 2019.[5]

During the time of the above-described lease, GPI entered into an agreement with Monroe Warehouse to provide services to GPI at the Chauvin Warehouse. Monroe Warehouse unloaded product from delivery trucks at the warehouse, stored the product in the Chauvin Warehouse, kept an inventory of the product stored, and handled the paperwork for each shipment of product delivered to and sent from the Chauvin Warehouse.[6]

On September 11, 2020, Ridgecrest, owner of Chauvin Warehouse, filed a Petition for Damages against GPI for damages to the Chauvin Warehouse facility allegedly totaling $626,038.00.[7] The Petition for Damages was originally filed in the Fourth Judicial District Court, Parish of Ouachita, Louisiana, Docket No. 20-2430.  The matter was properly removed to this Court on October 19, 2020, on the basis of diversity jurisdiction.[8]

On November 9, 2020, GPI filed a Third-Party Complaint against Monroe Warehouse, alleging that in the event GPI is liable to Ridgecrest, Monroe Warehouse was liable to GPI for indemnification.[9]

On May 24, 2023, this Court denied cross-motions filed by both GPI and Monroe Warehouse, finding there existed material issues of fact as to whether Monroe Warehouse was aware of and consented to the terms in the purchase orders, whether the purchase orders were adhesive contracts, and how and when the damage occurred. [10]

---

[5] [Doc. No. 76-1]
[6] [Id.]
[7] [Doc. No. 1-1]
[8] [Doc. No. 1]
[9] [Doc. No. 9]
[10] [Doc. No. 93]

On June 7, 2023, this Court denied a second Motion for Judgment on the Pleadings, or Alternatively, Motion for Summary Judgment filed by Monroe Warehouse, finding there were factual issues concerning the indemnity language in the purchase orders. [11]

On May 10, 2023, this Court granted Monroe Warehouse's Motion for Partial Summary Judgment Seeking Dismissal of any Tort Claim, finding that any tort claims have prescribed. However, this Court also found that because a tort indemnity claim and a tort claim are separate causes of action, the tort indemnity claim remained.[12]

In the instant Motion, Monroe Warehouse requests that this Court dismiss the tort indemnity claim due to a recent Louisiana Supreme Court case and a prior ruling of this Court. Monroe Warehouse also reargues this Court to dismiss the contractual indemnity claim under Fifth Circuit jurisprudence.

## II.   LAW AND ANALYSIS

### A.  Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*

 "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[11] [Doc. No. 88]
[12] [Doc. No. 124]

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."
*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).  "The
moving party may meet its burden to demonstrate the absence of a genuine issue of material fact
by pointing out that the record contains no support for the non-moving party's claim."  *Stahl v.
Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002).  Thereafter, if the non-movant is
unable to identify anything in the record to support its claim, summary judgment is appropriate.
*Id.*  "The court need consider only the cited materials, but it may consider other materials in the
record."  Fed. R. Civ. P. 56(c)(3).

 In evaluating a motion for summary judgment, courts "may not make credibility
determinations or weigh the evidence" and "must resolve all ambiguities and draw all
permissible inferences in favor of the non-moving party."  *Total E & P USA Inc. v. Kerr–McGee
Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).  While courts will
"resolve factual controversies in favor of the nonmoving party," an actual controversy exists only
"when both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air. Corp.,*
37 F.3d 1069, 1075 (5th Cir. 1994).  To rebut a properly supported motion for summary
judgment, the opposing party must show with "significant probative evidence," that a genuine
issue of material fact exists.  *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000)
(emphasis added).  "'If the evidence is merely colorable, or is not significantly probative,'
summary judgment is appropriate."  *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating
Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to
make a showing sufficient to establish the existence of an element essential to that party's case,
and on which that party will bear the burden of proof at trial."  *Celotex Corp.,* 477 U.S. at 322-

4

23.  This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

Because this Motion can be decided under the standard for a motion for summary judgment, the Court will not express the standard for a motion for judgment on the pleadings.

### B.  Analysis

#### 1.    Tort Indemnity

Monroe Warehouse argues that per *Bellard v. ATK Construction, LLC,* 366 So.3d 1253 (La. 2023), GPI does not have a cause of action for tort indemnity because the Louisiana Supreme Court did not allow a third-party plaintiff to expand their claim by alleging the fault of the third-party defendant. In contrast, GPI maintains that although *Bellard* discusses tort indemnity, the way in which it does so is significantly different factually compared to this case. This Court agrees with GPI.

A party not at fault, whose liability stems from the fault of others, may recover by indemnity. *Bellard,* 366 So.3d at 1255. "[A] judgment against a named defendant in a suit for damages wherein the defendant is alleged to be liable to plaintiff solely due to its own negligence and/or fault can only arise if the defendant is at fault, regardless of whether other defendants are named or not named as parties to the suit." *Id*. In *Bellard*, the plaintiff filed a petition against several defendants, including a general contractor, for damages due to personal injuries when an unsound ceiling broke and caused plaintiff to fall. *Id.* at 1254. The general contractor filed a third-party demand against the supplier of the materials for the ceiling because they were defective. *Id.*  The Louisiana Supreme Court held that plaintiff's petition sounded in tort, not contract, so the third-party plaintiff was not entitled to indemnification from the third-party defendant. *Id*. at 1253.

Conversely, here, the original Plaintiff's claim against the Defendant is contractual in nature. Specifically, Ridgecrest and GPI entered into a warehouse leasing agreement ("the Contract"). Upon finding alleged damages that were beyond normal wear and tear, Ridgecrest filed suit against GPI under the Contract.[13] Subsequently, Defendant then filed a Third-Party Demand against Monroe Warehouse for any damages proven by Ridgecrest under the purchase order contract provisions. Thus, the facts are different because in *Bellard*, the third-party plaintiff filed a demand against the third-party defendant for tortious conduct, not under contractual provisions.

Further, Monroe Warehouse asserts that in *Bellard* "the Louisiana Supreme Court only considered the allegations made by the original plaintiff."[14] Taking Monroe Warehouse's argument and considering only the allegations made by the original Plaintiff, Ridgecrest, such allegations sound in contract, and in any event, the allegations of Ridgecrest against GPI are not exclusively at issue for purposes of this Motion. Therefore, the factual scenario differs significantly as two different classifications of claims and situation of parties are at issue in these cases.

Alternatively, Monroe Warehouse argues that the tort indemnity claim should be dismissed because "under Louisiana law, a party cannot shift its contractual liabilities via a tort indemnity claim." Thus, because this Court previously dismissed the tort claims, the only remaining basis for fault against Monroe Warehouse is GPI's contractual liability to Ridgecrest. Conversely, GPI argues that Monroe Warehouse's argument is misplaced as the basis upon which the tort indemnity claim is brought is the same as a tort claim. The Court agrees with GPI.

---

[13] [Doc. No. 2]
[14] [Doc. No. 131 p. 4]

Monroe Warehouse seemingly contends that the dismissal of tort claims influences the dismissal of the tort indemnity claim, but this notion is incorrect. First, as mentioned in prior rulings, *Shell W. Expl. & Prod. Inc., v. Falcon Drilling Co.,* 211 F.3d 126 (5th Cir. 2000), is not precedent because it is an unpublished opinion. "An unpublished opinion is not controlling precedent, but may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 403 (5th Cir. 2006) (citing 5th Cir. R. 47.5.4). Secondly, even if *Shell* established precedent, the tort indemnity claim is a separate cause of action than the dismissed tort claims. *Reggio v. E.T.I.*, 15 So. 3d 951, 955 (La. 2008). Although the facts presented in *Shell* are slim to none, the third-party plaintiff was not entitled to indemnity recovery from third-party defendant where the only liability the third-party plaintiff faced arose from a contract. *Shell*, 211 F.3d at 126. Here, however, a material fact at issue is the individual acts or omissions of Monroe Warehouse and while the basis of the action arises from a contract, the tort indemnity claim has roots in a tort claim insomuch as proving fault.[15]

Therefore, the Motion for Summary Judgment on this issue is **DENIED.**

### 2.    **Contractual Indemnity**

Once again, Monroe Warehouse urges that "a catch-all indemnity phrase is not sufficient to shift the indemnitee's contractual liabilities to an indemnitor"[16] and that there must be express notice of an indemnification clause in order to shift its contractual liabilities.[17] Although previously established in a prior ruling[18] that the cited Fifth Circuit jurisprudence did not apply

---

[15] "An implied contract of indemnity, or tort indemnity, arises only when the **fault** of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may only be had against one who, because of his act, has caused such constructive liability to be imposed. *Hamway v. Braud,* 838 So.2d 803, 806 (La. App. 1st Cir. Nov. 8, 2002) (citing *Nassif v. Sunrise Homes, Inc.,* 739 So.2d 183, 185 (La. 1999) (emphasis added).
[16] [Doc. No. 131 p. 6]
[17] [Id.]
[18] [Doc. No. 96]

to the instant case, Monroe Warehouse now argues that because of the prior ruling dismissing all tort claims,[19] the circumstances of the case have changed. The Court disagrees.

The cases cited by Monroe Warehouse, such as *Corbitt v. Diamond M. Drilling Co.,* 654 F.2d 326 (5th Cir. 1981), and *Foreman v. Exxon Corp.,* 770 F.2d 490 (5th Cir. 1985)[20], involve multi-tier indemnity provisions with multiple parties not directly involved in the underlying acts and omissions that caused the damages.

The tort indemnity claim at issue in this case involves an indemnity agreement between Monroe Warehouse and GPI, which are two parties directly involved in the alleged damage to the warehouse. The Court reemphasizes that "the indemnity language requires Monroe Warehouse to indemnify GPI from any and all losses, damages, etc. arising out of the acts or omissions of Monroe Warehouse in the performance of services for GPI."[21] The interpretation and application of the indemnification provision presents issues which cannot be resolved on a motion for summary judgment.

Thus, because this case does not involve multi-tier indemnification agreements and Monroe Warehouse, as movants, do not provide arguments or evidence that rise to the level required in defeating a motion for summary judgment or judgment on the pleadings, the Motion is **DENIED.**

III.    **CONCLUSION**

For the reasons set forth above,

**IT IS ORDERED** that, Monroe Warehouse's Motion for Summary Judgment, or Alternatively, Motion for Judgment on the Pleadings, [Doc. No. 131] is **DENIED.**

---

[19] [Doc. No. 124]
[20] The majority of discussion in *Foreman* addressed the district court's error in apportioning a percentage of fault to the parties involved, which is not the current issue in this Motion.
[21] [Doc. No. 96 p. 6]

8

**MONROE, LOUISIANA**, this 25th day of October 2023.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**